*788 MEMORANDUM *
The ALJ’s adverse credibility determination was supported by substantial evidence in the record, including reports that Yasuda’s condition had improved with medication and descriptions of activities of daily living indicating reasonable functioning on a daily basis. See Lester v. Chater, 81 F.3d 821, 834 (9th Cir.1995).
The ALJ did not err in relying on Dr. Fair’s and Dr. Gallucci’s translations of Yasuda’s limitations (including the moderate limitations in areas of sustained concentration and persistence identified by Dr. House) into concrete work restrictions. See Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1174 (9th Cir.2008). Therefore, the ALJ did not err in determining that Yasuda had the residual functional capacity to perform “simple, unskilled work,” nor was this determination inconsistent with Dr. House’s findings. See id. Program Operations Manual System Section DI 25020.010 is not to the contrary, as it provides guidance with respect to more extensive limitations than those identified by the relevant medical evidence.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.